UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HOGSTON,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

Case No. 2:14-cv-14458
District Judge Avern Cohn
Magistrate Judge Anthony P. Patti

**RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND PURSUANT TO SENTENCE SIX OF § 405(g) (DE 26)**

**I.     RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for remand under Sentence Six of § 405(g). (DE 26.)

**II.    REPORT**

Plaintiff, John Hogston, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income.  This matter is before the United States

Magistrate Judge for a Report and Recommendation on Plaintiff's motion for remand in accordance Sentence Six of 42 U.S.C. § 405(g).[1]

### A. Background

Plaintiff protectively filed his application for benefits on August 21, 2009, alleging that he has been disabled since January 1, 2008, with a date last insured ("DLI") of September 30, 2012. (R. 30 and 123.) Plaintiff alleged disability as a result of musculoskeletal impairments, mental impairments, genitourinary impairments, and digestive impairments. (R. at 160-61.) Currently pending before the Court are Plaintiff's motion for summary judgment (DE 16, 18, and 19), the Commissioner's response and cross-motion for summary judgment (DE 23), Plaintiff's motion for remand under Sentence Six of § 405(g) (DE 26), the Commissioner's response (DE 30), and Plaintiff's reply (DE 31). This Report and Recommendation relates only to Plaintiff's motion under Sentence Six (DE 26), although the bulk of Plaintiff's arguments overlap.

---

[1] The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir.1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g).

**B.     Standard**

The Court can remand for further administrative proceedings pursuant to Sentence Six "if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148-49 (6th Cir. 1996). For the purposes of a remand under Sentence Six, evidence is new "only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)(quoting *Sullivan v. Finklestein*, 496 U.S. 617, 626 (1990)).

A claimant satisfies his or her burden of proof as to materiality by demonstrating that "there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "Evidence of a disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004); *see also Walton v. Astrue*, 773 F. Supp. 2d 742, 750 (N.D. Ohio Jan. 18, 2011) ("Medical evidence dated after a claimant's expiration of insured status is only relevant to a disability determination where . . . it is reflective of a claimant's limitations prior to the date last insured, rather than merely his impairments or condition prior to this date.").

Finally, Plaintiff must also demonstrate good cause by "giv[ing] a valid reason for his [or her] failure to obtain evidence prior to the hearing." *Oliver v. Sec'y of Health & Hum. Servs.*, 804 F.2d 964, 966 (6th Cir. 1986) (emphasis added); *see also Foster*, 279 F.3d at 357 ("A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.").

### C.    The Instant Motion

Plaintiff's motion for remand under Sentence Six of § 405(g) came before me for a hearing on June 25, 2015.  In his motion and at the hearing, Plaintiff (through his counsel) asserted that there was new and material evidence for which he had good cause for failing to present to the ALJ at the prior hearing. Specifically, he presented the Court with additional medical records, ranging from January 2014 through March 2015, and asserted that such evidence demonstrated the progression and debilitating nature of Plaintiff's multiple sclerosis ("MS"). The Commissioner opposed the motion, arguing that at least four of the records (dated April 19, 2014, April 22, 2014, May 5, 2014, and June 26, 2014) were already in the administrative record and therefore could not be considered new.  As to the remaining evidence, the Commissioner argued that it was not material because it post-dates his DLI by two to three years, and therefore was of limited probative value.

At the hearing, Plaintiff conceded that the records dated April 19, 2014, April 22, 2014, May 5, 2014, and June 26, 2014 were contained within the administrative record and therefore were not new.  As to the rest of the records, Plaintiff indicated that, although he did not allege MS as one of his impairments initially or argue it before the ALJ, the new evidence served as a bridge to lend credibility to Plaintiff's prior symptoms.  He explained that there were *some symptoms* of MS already in the record, going all the way back to 2008, including Plaintiff's antalgic gait (R. at 625) and enuresis (R. at 194), such that the ALJ should have sought the services of a medical expert.  He conceded, however, that the ALJ did not have to consider MS, since it was not within the disability contentions submitted to him, and that such arguments were more appropriately made with respect to a remand under Sentence Four, as are contained in his pending motion for summary judgment.  He further admitted that the 2014 and 2015 records and MRI results would not reflect the severity of the condition as it existed in 2012, that they "don't add anything new" but only "refine[] what the testimony [already] shows," and are "purely speculative" as to what they demonstrate.

As to the evidence post-dating Plaintiff's DLI, he argued that *Blankenship v. Bowen*, 874 F.2d 1116, 1121-1122 (6th Cir. 1989) applies.  In that case, the Court found material evidence that post-dated the claimant's DLI by five months.

Plaintiff could not, however, point to any case law that supported a remand for evidence post-dating a DLI by one to two years. Plaintiff further conceded that evidence from 2014 and 2015 would not show the severity of Plaintiff's MS, or even that Plaintiff *had* MS, in 2012. *See Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F. 2d 680, 685 (6th Cir. 1992) ("Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial.").

    Plaintiff's arguments are unavailing and deal primarily with his motion for summary judgment pursuant to Sentence Four. Four of the records are not new, and the remaining records are not material because they post-date Plaintiff's DLI by several years, and are not reflective of Plaintiff's limitations or the severity of his alleged condition prior to his DLI. There is no reasonable probability that evidence of an MS diagnosis post-dating Plaintiff's DLI by several years would have caused the Commissioner to have reached a different disposition of the disability claim. Such evidence merely demonstrates only that Plaintiff's condition either developed or worsened after his DLI, which is outside of the relevant time period. *See Barnett v. Sec'y of Health & Hum. Servs.*, 812 F.2d 1406, at *3 (6th Cir. 1987) ("The crucial date . . . is the date claimant's insured status expired . . . ."). Accordingly, I recommend that the Court deny Plaintiff's motion for remand pursuant to Sentence Six of § 405(g).

### D.     Conclusion

In sum, although the appropriate evidence will be considered for the purposes of Plaintiff's pending motion for summary judgment and its request therein for remand pursuant to Sentence Four, he has failed to demonstrate that any of the proffered records are both new and material, even if there were good cause for not presenting them in the prior proceeding.  Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for remand pursuant to Sentence Six of § 405(g).  (DE 26.)

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 26, 2015                    s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on June 26, 2015, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti

8