UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HOGSTON,

    Plaintiff,

v.                                                                                            Case No. 14-14458

CAROLYN W. COLVIN,                                                        HON. AVERN COHN
Acting Commissioner of Social Security,

    Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. 35), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 16), GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Doc. 23) AND DISMISSING THE CASE.**

## I. INTRODUCTION

This is a Social Security case. Plaintiff John Hogston (Hogston) appeals the final decision of the Commissioner of Social Security (Commissioner) denying his application for Social Security disability insurance benefits and supplemental security income. Hogston claims that he has been disabled since January 1, 2008 due to musculoskeletal impairments, mental impairments, genitourinary impairments, and digestive impairments.

The parties filed cross motions for summary judgment. (Docs. 16, 23).  The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR).  The MJ recommended that Hogston's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. (Doc. 35). Hogston has filed timely objections to the MJRR. (Doc. 40).

The Court finds Hogston's objections to be without merit. For the reasons that follow, the Court will adopt the MJRR (Doc. 35), affirm the Commissioner's decision denying benefits, deny Hogston's motion for summary judgment (Doc. 16), grant the Commissioner's motion for summary judgment (Doc. 23), and dismiss the case.

## II. BACKGROUND

### A. Procedural History / Administrative Record

Since the parties have not objected to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. See Doc. 35. A brief history of the procedural history follows.

Hogston applied for Social Security disability insurance and supplemental security income benefits on August 21, 2009, alleging an onset date of January 1, 2008, with a date last insured (DLI) of September 30, 2013.

The Commissioner denied Hogston's claims and Hogston requested a hearing. The Administrative Law Judge (the ALJ) held a hearing and subsequently determined that Hogston was not disabled within the meaning of the Social Security Act (SSA). The Appeals Council denied Hogston's request for review. Hogston then timely commenced a civil action.

Hogston's case was originally assigned to a different district judge. See Hogston v. Commissioner of Social Security, Case No. 12-12626. The case was referred to a MJ to conduct all proceedings including the entry of final judgment. The MJ remanded the case to the ALJ for further proceedings with instructions to (1) reweigh the opinion of Hogston's therapist, (2) reformulate the residual functional capacity (RFC) based on his new conclusions regarding the proper weight to be afforded to the therapist's opinion,

and (3) explain how the treating physician's findings are incorporated into the evaluation of the therapist's opinion.

After a hearing, the ALJ once again determined that Hogston was not disabled within the meaning of the SSA. The ALJ's second decision became the Commissioner's final decision.

Hogston then filed a second civil action seeking review of the ALJ's decision. The Court was assigned the underlying case. As noted above, the parties filed cross motions for summary judgment. (Docs. 16, 23).  The motions were referred to a MJ for a report and recommendation (MJRR).  The MJ recommended in the MJRR that Hogston's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. (Doc. 35). Hogston filed timely objections to the MJRR. (Doc. 40).

## B.  The ALJ's Decision

The MJRR summarized the ALJ's decision denying benefits:

At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantially gainful activity since January 1, 2008 through his date last insured of September 30, 2012.

At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease (lumbar spine) with foraminal stenosis and L4-5 radiculopathy; and depression. He found that Plaintiff's impairment of neurogenic bladder was non-severe.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. Specifically, he considered Listings 1.04, and 12.04.

At step four of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and determined that Plaintiff had the capacity to perform unskilled sedentary work. Relying on the VE's

3

testimony, the ALJ determined that Plaintiff was unable to perform his past relevant work.

At step five, the ALJ concluded that Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy. In doing so, the ALJ re-weighed the opinions of LLP Pearson and Dr. Pinson, noting that the case had been remanded for such a re-evaluation. He therefore concluded that Plaintiff was not disabled under the Social Security Act.

(Doc. 35 at 10-12)(internal citations to record omitted).

### C. Grounds for Hogston's Motion for Summary Judgment and the Magistrate Judge's Report and Recommendations

Hogston made multiple arguments in support of his motion for summary judgment. The MJRR rejected each of the arguments and recommended summary judgment be granted to the Commissioner. What follows are Hogston's arguments and the MJ's recommendations.

First, Hogston argued that the ALJ failed to follow the remand order to properly evaluate the opinion of the treating physician. However, the MJRR explained that the ALJ complied with the remand order and applied the appropriate factors in discounting the opinions of Hogston's therapist and treating physician.

Second, Hogston asserted that the ALJ committed reversible error by failing to obtain a medical opinion on the issue of whether Hogston's impairments medically equaled one of the listed impairments. The MJRR rejected Hogston's argument because a lay review of the record did not suggest that any of Hogston's "impairments" met or medically equaled one of the listed impairments, and Hogston failed to bring forth evidence to dispute this.

Third, Hogston said that the ALJ relied on a flawed hypothetical to the vocational expert (VE). In response, the MJRR determined that the ALJ's hypothetical questions to

4

the VE accurately portrayed Hogston's impairments and were supported by substantial evidence.

Fourth, Hogston asserted that the ALJ committed reversible error by failing to evaluate all of the medical exhibits in the record, specifically a June 26, 2014 MRI that showed evidence of multiple sclerosis (MS). The MJRR rejected this argument, stating that evidence from 2014 would not show the severity of Hogston's MS or even that he had MS in 2012. Further, Hogston did not argue that MS was one of his impairments. Finally, a potential diagnosis of MS did not shed light on Hogston's condition on or before his DLI.

Fifth, Hogston said the ALJ did not comply with his request for subpoenas. The MJRR conceded that the ALJ may have committed a procedural error in connection with the requested subpoenas. However, Hogston failed to demonstrate anything more than a harmless error.

Sixth, Hogston attempted to "re-raise[]" all of the issues from his initial briefing. Specifically, he re-asserted that the ALJ: 1) improperly applied the Medical Vocational Guidelines (the grids); 2) failed to assess limitations related to his enuresis; and 3) committed reversible error by failing to do a function by function analysis. In response, the MJRR determined that the ALJ appropriately relied on the VE's response to hypothetical questions only – not the grids – to make his ruling. The MJRR also found that substantial evidence supported the ALJ's assessments. Finally, the MJRR stated that Hogston waived his argument related to the function by function analysis by not providing evidence to support his argument in either his original brief in support of his motion for summary judgment or his reply brief.

Seventh, the MJRR determined that the ALJ's credibility assessment of Hogston was supported by substantial evidence. The ALJ properly took into account Hogston's conflicting testimony with the record, inconsistent hospitalization history, and cherry-picked self-reported activities of daily living during the relevant time period to find Hogston only partially credible.

As such, the MJRR concluded that the ALJ committed no error and substantial evidence supported the ALJ's decision denying benefits.

### III. STANDARD OF REVIEW

#### A. Objections to the MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985); Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

#### B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v.

Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6thCir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the record as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993), regardless of whether the ALJ actually cited to the evidence. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to a search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

7

adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## IV. ANALYSIS

Hogston raised four objections to the MJRR, each of which is discussed below.[1] Hogston's objections do not withstand scrutiny. The ALJ's decision denying benefits is supported by substantial evidence and will be affirmed.

### A. Objection One

Hogston first objected to the MJRR because it failed to recite each finding from his May 17, 2009 MRI scan and thus undermined the MJ's assessment of his credibility. The Court disagrees. It was unnecessary for the MJ to exhaustively discuss each piece of evidence to demonstrate that such evidence was considered.

Moreover, the general rule is that "a claim raised for the first time in objections to a magistrate judge's report is deemed waived." King v. Comm'r of Soc. Sec., No. 13-13022, 2015 WL 300374, at *2 (E.D. Mich. Jan. 22, 2015) citing Swain v. Comm'r Soc. Sec., 379 F. App'x 512, 517-18 (6th Cir. 2010) (internal quotation marks and citations

---

[1] Before presenting his four objections to the MJRR, Hogston raised an issue regarding the DLI on the record. When he originally applied for benefits in September 2009, Hogston's earnings from 2009 had not yet been reported. Although these earnings did not amount to substantial gainful activity, they did extend his insured status for an additional year. Thus, the record originally contained two DLIs: September 30, 2012 and September 30, 2013. As noted above, the ALJ held two hearings and issued two decisions. At the first hearing, the ALJ acknowledged the two different dates but confirmed for Hogston's attorney that the correct DLI was September 30, 2013. In his written decision, however, the ALJ misstated the DLI as September 30, 2012. At the second hearing, the ALJ again misstated the DLI as the September 30, 2012. Despite this error, however, the outcome of the decision would not have changed – and Hogston has not so alleged – because there was no significant medical evidence from September 30, 2012 through September 30, 2013. During that period, the record appears to contain just five treatment notes from Dr. Pinson, each of which are consistent with his earlier treatment notes.

8

omitted).[2] Here, Hogston focused exclusively on a brain MRI scan from 2014 – not the lumbar MRI scan from 2009. Further, in challenging the ALJ's assessment of credibility in his opening brief, Hogston never asserted that the ALJ mischaracterized the lumbar MRI scan, but instead confined his challenge to attempting to rebut his own inconsistent reports of pain, his shifting stories about whether and when he had been hospitalized, and his activities of daily living. (Doc. 16 at 18-19). For these reasons, Hogston's first objection is an issue that is being raised for the first time and is considered waived.

### B. Objection Two

Hogston next objected that the MJRR suggested that Pearson's findings were inconsistent with the record. (Doc. 35 at 19). This challenge was previously made in Hogston's initial challenge in his motion for summary judgment. At this stage of the proceeding, a party cannot simply reassert challenges previously raised. Davis v. Caruso, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008)(denying an objection to an R&R where, among other things, Plaintiff "merely rehashe[d] his arguments"). Furthermore, the Court is not obligated to address an objection made in this form, because the objection failed to identify the specific errors the MJ's recommendations. Rather, a party must "file specific written objections to the findings and recommendations." Fed. R. Civ. P. 72(b)(2).

### C. Objection Three

Hogston's third objection challenged the MJ that Dr. Pinson's notes did not indicate limitations as to standing, walking, and lifting. (Doc. 40 at 4; Doc. 35 at 21).

---

[2] See also Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000)("[A] claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review. To hold otherwise would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review.").

Hogston said that Dr. Pinson's statement dated August 25, 2010 refuted the MJ's finding. However, the evidence Hogston referenced is not a treatment note, but an opinion. The MJ's finding that Dr. Pinson's treatment notes include no limitations is correct.

Next, Hogston asserted that the MJ misidentified one of the treatment notes as originating from Dr. Pinson when in fact it came from Dr. Ray, a consultative examiner. (Doc. 40 at 4). However, Hogston did not argue what harm was caused by the error.

Lastly, Hogston asserted that the MJ erred by not referencing an undated EMG study showing "evidence of a L4-5 radiculpathy" and that this error undermined Dr. Pinson's opinion and Hogston's own testimony that he is disabled. (Doc. 40 at 4-5). However, the MJ committed no error. Both Dr. Pinson's opinion and Hogston's credibility were discussed in detail in the Commissioner's motion for summary judgment. (Doc. 23 at 11-15, 21-24). Furthermore, Hogston has failed to establish how this single finding would have undermined the great weight of evidence that supported the evaluation of Dr. Pinson's opinion or Hogston's statements. Dr. Pinson's opinion that Hogston was completely disabled and Hogston's own statements were not rejected because the record was devoid of support for some limitations, but rather because substantial evidence supported the ALJ's findings. The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The standard affords the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed

simply because the evidence would have supported a contrary decision. Bogle v.Sullivan, 998 F.2d 342, 347 (6th Cir. 1993).

### D.  Objection Four

Hogston's fourth objection was that the ALJ failed to properly account for Hogston's moderate limitations in concentration, persistence, or pace caused by depression. While framed as an objection to the MJRR, the objection was actually a reformulation of an issue that Hogston previously raised and was properly addressed in the Commissioner's brief in support of its motion for summary judgment and the MJRR. (Doc. 23 at 17-20; Doc. 35 at 27-28). As noted above, a party cannot simply reassert challenges previously raised.

### V.  CONCLUSION

For the reasons stated above, the MJRR is ADOPTED (Doc. 35), Hogston's motion for summary judgment (Doc. 16) is DENIED, the Commissioner's motion for summary judgment (Doc. 23) is GRANTED, and the Commissioner's decision denying benefits is AFFIRMED. This case is DISMISSED.

SO ORDERED.

                                                  s/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated:  March 8, 2016
        Detroit, Michigan